JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-04284-RGK (FFMx) | | Date | July 25, 2016 |
|---|---|---|---|---|
| Title | *AURORA RIOS aka JOSEFINA AISPURO TORRES v. EDS DISTRIBUTION SERVICES, LLC* | | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |
|---|---|
| Sharon L. Williams (Not Present) | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Remanding Action to State Court**

On April 14, 2016, Aurora Rios aka Josefina Aispuro Torres ("Plaintiff"), filed a class action against employer EDS Distribution Services, Inc. ("Defendant"). In her Complaint, Plaintiff asserts state claims the following claims under the California Labor Code for (1) failure to overtime wages; (2) failure to pay minimum wages; (3) failure to provide meal periods; (4) failure to provide rest periods; (5) failure to pay all wages upon termination; and (6) failure to provide accurate wages statements. Plaintiff also asserts a claims for unfair competition in violation of the California Unfair Competition Law (Bus. & Prof. Code § 17200 *et seq.*).

On June 15, 2016, Defendant removed the action to this Court alleging diversity of citizenship under 28 U.S.C. §1141(b), or in the alternative, 28 U.S.C. §1453 ("CAFA"). Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). Defendant adequately shows that the parties are citizens of different states. However, Defendant attempts to show that the amount in controversy exceeds $75,000, but does not succeed on the facts alleged.

Defendant calculates the amount in controversy by making significant assumptions. For example, as to Plaintiff's claim for wage statement penalties, Defendant assumes the maximum penalty for both Plaintiff and the class members. However, this assumes payment on a weekly basis, without any evidentiary support. As to Plaintiff's meal and rest period claims, Defendant assumes that each of the estimated 200 class members missed a meal and rest period every day for three years. Again, Defendant

fails to offer evidence to support this assumption. Defendant also makes similar assumptions regarding Plaintiff's waiting time and unpaid wages claims. Based on its numerous assumptions, Defendant arrives at an amount in controversy greater than $75,000 for Plaintiff's individual claims, and greater than $5,000,000 for the putative class claims.

However, equally valid assumptions could be made that result in damages less than the standard and CAFA amounts in controversy requirements. Without any evidence supporting Defendant's assumptions, the Court finds Defendant's calculations unpersuasive.

In short, Defendant asks the Court to speculate as to the number of wage statements, overtime hours worked and the number of missed meal periods and rest breaks taken. The Court cannot base jurisdiction on Defendant's speculation and conjecture. *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 1002 (2007). Even with the inclusion of attorneys' fees in the calculation, Defendant is no closer to carrying its burden because there is no basis for estimating the claims that Defendant primarily relies upon to meet the jurisdictional threshold. *See id.* Accordingly, Defendant has failed to satisfy its burden that the amount in controversy meets the jurisdictional requirement.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

                                                             : 

Initials of Preparer